THE DIFAZIO LAW OFFICE
BY: SALVATORE P. DIFAZIO, ESQ.
15 MAIN STREET, SUITE 2
FLEMINGTON, NJ 08822
(908)806-3799
Fax (908)806-3110

| | |
|---|---|
| DAN O'SHEA, an individual and WASTENA HOLDINGS, LLC, a Nevada limited liability company<br><br>Plaintiffs,<br><br>v.<br><br>JANINE NOEL SZABO (AKA JANINE HILL), SILVA NUTHMAN, (AKA SISSI NUTHMAN) and JOHN DOES 1-10,<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT COURT OF NEW JERSEY<br>NEWARK<br><br>COMPLAINT<br><br>Civil Action No. 2:18-CV-09466 |

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff DAN O'SHEA (hereinafter "Mr. O'Shea") was at all times relevant to this case a resident of Bergen County, New Jersey.

2. Plaintiff WASTENA HOLDINGS, LLC (hereinafter "Wastena") is a limited liability company organized and existing under the laws of the State of Nevada.

3. Defendant JANINE SZABO (AKA JANINE HILL) (hereinafter "Defendant Szabo") was at all times relevant to this case a resident of Maricopa County, Arizona, specifically 1122 W. Glenhaven Drive, Phoenix, Arizona 85045.

4. Upon information and belief, Defendant SILVA NUTHMAN (AKA SISSI NUTHMAN) (hereinafter "Defendant Nuthman") was at all times relevant to this case a resident of Forsyth County, Georgia, specifically, 1715 Montcliff Drive, Cumming, GA 30041).

1

5. The true names and capacities, whether individual, corporate or otherwise of Doe Defendants 1-10 are unknown to Plaintiffs who therefore sue said Defendants by fictitious names and will ask for leave to amend this Complaint to show their true names and capacities when such have been ascertained.

6. This is an action arising in part under the federal trademark statute (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.* and under New Jersey statutory and common law.

7. This Court has subject matter jurisdiction over the federal trademark claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) in that it involves an action arising under the Lanham Act. This Court has supplemental jurisdiction over the related New Jersey state law claims pursuant to 28 U.S.C § 1367.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this Complaint occurred in this judicial district.

## GENERAL ALLEGATIONS

9. Plaintiff Wastena is an international producer and marketer of skin care products. It has invested substantial scientific research and funds to develop its products, brands, marketing strategies and campaigns.

10. Since at least as early as January of 2015, Plaintiff Wastena has continuously used the distinctive trademark Solvaderm to market and sell its overall catalog of beauty and skin care creams and products throughout the United States and the world.

11.     As a result of Plaintiff's efforts, the public has come to recognize and rely upon Solvaderm and its related brands such as Stemuderm and Juvabrite as an indication of the high quality and efficient skin care.

12.     On August 18, 2015, the United States Patent & Trademark Office ("USPTO") issued to Plaintiff Wastena (Serial No. 86509675) the mark Solvaderm (Registration No. 4795161).

13.     Defendants knew or should have known of Plaintiff Wastena's reputation regarding its products Solvaderm and other products.

## FIRST CAUSE OF ACTION
## TRADE LIBEL

14.     Since 2015 Defendant Szabo and Defendant Nuthman have continually posted acrimonious reviews and comments that are false and disparaging to Plaintiff Wastena's product line. These comments suggest inter alia that Solvaderm is a scam, that the products are ineffective, that the company's owners are deceptive, evasive and not a legitimate business.

15.     Through the conduct described above, Defendants have pervasively and continuously used their disparaging statements to affect and shift public opinion about Plaintiffs, the Solvaderm brand and other related products.

16.     Defendant Szabo posted frequently about Solvaderm and related products on her own site abeautifulwhim.com (See e.g. post at: http://abeautifulwhim.com/is-solvaderm-a-scam-here-are-the-facts-you-decide/beauty/), as well as at www.webhealthmagazine.com and www.medhealthreports.com.

17.     Defendant Nuthman posted frequently on the sites: http://socialix.com/sissi-nuthman, and www.beauty4free2u.com.

18. Defendant Szabo has stated, inter alia: (a) that the Solvaderm product is not effective, (b) that Solvaderm (i.e. Plaintiff Wastena) is not a company you want to purchase skin care products from because they are not trustworthy, (c) that Plaintiff Wastena employs agents from overseas to offer money to bloggers to comment on posts about Solvaderm products, (d) that Plaintiff Wastena employs agents to harass customers. These statements are false.

19. Defendant Nuthman has stated, inter alia (a) that "Solvaderm is a scam from India", (b) that "Solvaderm is a trademark owned by Primark LLC which is registered as NOT ACTIVE", (c) that the phone number provided by Plaintiff Wastena for their business is "used by scammers" These statements are false.

20. Each of these statements made by Defendants were published on websites accessible worldwide and accessed by others.

21. By publishing and distributing these false and disparaging statements about Solvaderm, Defendants have caused substantial and irreparable harm to Plaintiff Wastena's reputation and direct financial injury worth over $100,000.

22. Accordingly, Plaintiffs seek injunctions against Defendants to prohibit this harmful conduct and are entitled to an award of compensatory damages against Defendants in an amount to be determined at trial. Plaintiffs are also entitled to punitive damages under New Jersey law because Defendants acted with malice.

## SECOND CAUSE OF ACTION
## TRADEMARK INFRINGEMENT

23. Since 2015 Defendants have misappropriated Plaintiff Wastena's distinctive trademark in displaying said Plaintiff's product on their websites and other online posts.

4

24. Defendants were intentionally using Plaintiff Wastena's mark without consent and in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of Solvaderm.

25. Defendants seek to mislead customers who are seeking honest information about Solvaderm and seek to provide consumers with incorrect, illegitimate and disparaging information to harm the customers seeking skin care solutions and to financially harm Plaintiffs.

26. Plaintiff has already been, and continues to be, injured as a proximate result of the foregoing trademark infringement in an amount to be determined at trial. Moreover, unless enjoined and prohibited from using the trademark, Defendants' actions will continue to cause substantial injury to Plaintiffs and confusion to the public.

27. Accordingly, Plaintiffs are entitled to monetary and equitable relief. In addition to damages, because this is an exceptional case involving calculated and willful misconduct by Defendant, Plaintiffs are entitled to recover Defendants' profits, costs, and attorneys' fees under 15 U.S.C. § 1117(a).

### THIRD CAUSE OF ACTION
### INVASION OF PRIVACY

28. Since 2015 Defendant Szabo has misappropriated private information about Plaintiff Dan O'Shea such as the address of his private residence and information about his family and shared such information on online posts.

29. Defendant Szabo shared this information without consent and in a manner that is likely to cause harm to Plaintiffs.

30. By publishing and distributing this information Defendant Szabo has caused substantial and irreparable harm to Plaintiffs.

31. Accordingly, Plaintiffs seek an injunction against said Defendant to prohibit this harmful conduct and are entitled to an award of compensatory damages against Defendant in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

32. Defendants knew, or should have known, that Plaintiff Wastena's business is based upon its ability to attract and retain customers who rely, in part, on reviews and representations made on websites about the quality, ingredients, and efficacy of Solvaderm and its other products.

33. Defendants knew of the prospective and ongoing relationship between Plaintiff Wastena and its customers, and intended to disrupt that relationship for their own gain. She engaged in the conduct of pervasively and continually posting false and disparaging statements to disrupt Plaintiff Wastena's relationship with its customers.

34. Specifically Defendant Nuthman even posted on her site www.beauty4free2u.com in capital letters regarding Solvaderm: "PLEASE DON'T BUY ANY OF THEIR PRODUCTS!" ( See post at: www.beauty4free2u.com/2017/03/solvaderm-is-huge-scam-from-india.html?m=1 ).

35. As a direct and proximate result of Defendants' interference with Plaintiff Wastena's economic interests and relationships, Plaintiff Wastena has suffered damages in an amount to be proven at trial but no less than $100,000. Plaintiff Wastena is entitled to compensation for all detriment proximately caused by Defendants' interference, including general and consequential damages with interest. Plaintiff is also entitled to injunctive relief to avoid further irreparable harm.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For an Order Permanently enjoining Defendants from using Plaintiffs' trademarks in any form or capacity;

2. Award Plaintiff its actual damages in an amount to be determined at trial but at least $100,000;

3. Award Plaintiffs restitution, including any and all profits earned by Defendants, by reason of the unlawful acts complained of herein;

4. Award Plaintiffs exemplary damages, including punitive damages, for Defendants' willful and malicious behavior and as provided by law;

5. Award Plaintiff its reasonable attorneys' fees, prejudgment interest, and costs of suit as provided by contract and/or statute; and

6. Award such other relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Salvatore P. DiFazio, Esquire is hereby designated trial counsel in the above captioned matter.

Dated: 5/20/18

/s/Salvatore P. Difazio, Esquire
SALVATORE P. DIFAZIO, ESQ.